# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY JONES** | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 18-4276** |
| **DELAWARE RIVER STEVEDORES, INC.** | : | |

## MEMORANDUM OPINION

**Savage, J.**    February 7, 2019

Plaintiff Kimberly Jones alleges that her former employer, defendant Delaware River Stevedores, Inc. ("DRS"), discriminated and retaliated against her due to her sex and race. She brings federal claims under Title VII of the Civil Rights Act of 1964 and state claims under the Pennsylvania Human Relations Act ("PHRA").

Moving to dismiss the PHRA claims, DRS argues Jones failed to exhaust her administrative remedies. Jones does not dispute that she did not allow the Pennsylvania Human Rights Commission ("PHRC") one year to investigate and resolve her charge before filing this action. Thus, the issue is whether Jones was required to exhaust her PHRC administrative remedies before filing suit.

Because Jones failed to exhaust her administrative remedies under the PHRA, we shall grant DRS's motion and dismiss the PHRA counts.

## Factual Background

DRS, which operates the Tioga Terminal in Philadelphia, initially hired Jones in 2005 and promoted her ten years later.[1] She became the first female elevated to

---
[1] Compl. ¶¶ 4-5 (ECF No. 1).

assistant foreman.[2] She alleges that from April of 2016 until she left DRS, her immediate supervisor, general foreman Billy Patterson, discriminated against her by undermining her authority and by acknowledging that he did not want Jones to be promoted due to her race and gender.[3] Despite her complaining multiple times to DRS and her union, the discrimination continued.[4] DRS assured Jones that her position and standing with the company would not be affected by her complaints.[5]

On March 7, 2018, DRS terminated both Jones and Patterson from their positions due to their conflict, which had created an unproductive, hostile, and unhealthy work environment.[6] Both individuals were offered jobs within DRS in different capacities.[7] Jones left DRS the next day.[8]

On May 17, 2018, Jones filed a charge with the Equal Employment Opportunity Commission ("EEOC").[9] Jones dually filed her EEOC charge with the Philadelphia Commission on Human Relations ("PCHR").[10] The EEOC provided Jones, at her request,

---

[2] *Id.* ¶¶ 7, 15-16.

[3] *Id.* ¶¶ 14, 25, 43, 47, 50-51, 53.

[4] *Id.* ¶¶ 26, 29-31, 37, 39, 42-44; *see also* Jones February 2, 2018 E-Mail, Compl. Ex. C (ECF No. 13).

[5] Compl. ¶ 43.

[6] *Id.* ¶ 54; *see also* Mulholland March 7, 2018 E-Mail, Compl. Ex. E (ECF No. 13).

[7] Compl. ¶ 54.

[8] *Id.* ¶ 2.

[9] EEOC Charge, Compl. Ex. A. (ECF No. 13).

[10] *Id.*

a "Right to Sue" letter on August 13, 2018.[11] On October 3, 2018, four and a half months after filing her charge, Jones filed this action.

## Standard of Review

A failure to exhaust administrative remedies is in the nature of statute of limitations. *Anjelino v. N. Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (citing *Hornsby v. United States Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986) and *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-98 (1982)). A statute of limitations is an affirmative defense that must be pled in a responsive pleading. Fed. R. Civ. P. 8(c)(1); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Nevertheless, a statute of limitations defense may be raised in a motion under Rule 12(b)(6) where the expiration of the limitations period appears on the face of the complaint. *Wisniewski*, 857 F.3d at 157; *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994); *Raffinee v. Colvin*, 367 F. App'x. 379, 380 (3d Cir. 2010) (affirming dismissal under Rule 12(b)(6) of Social Security complaint for judicial review as time-barred). Thus, we consider the exhaustion issue under Rule 12(b)(6) rather than Rule 12(b)(1). *Anjelino*, 200 F.3d at 87 (citing *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir.1997)).

## Analysis

Pennsylvania law requires a plaintiff to exhaust remedies under the PHRA[12]

---

[11] EEOC Right to Sue Letter, Compl. Ex. B (ECF No. 13).

[12] Filing with the PCHR satisfies compliance with the PHRA because in Philadelphia, an employee "is required to exhaust administrative remedies available through the Philadelphia *or* Pennsylvania Commission before filing a civil action." *Marriott Corp. v. Alexander*, 799 A.2d 205, 208 (Pa. Commw. Ct. 2002) (emphasis added); *see also Kedra v. Nazareth Hosp.*, 857 F. Supp. 430, 431-33 (E.D. Pa. 1994) (discussing relationship between local human relations commissions and the PHRC and holding that local agencies may conduct investigations in place of PHRC); *Davis v. U. S. Steel Supply, Div. of U. S. Steel Corp.*, 581 F.2d 335, 339 (3d Cir. 1978) (filing with Pittsburgh Human Relations Commission satisfies

before filing a civil action. 43 Pa.C.S. § 962(c)(1); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Until the PHRC dismisses the complaint or enters a conciliation agreement, the complainant may not file an action. If the PHRC does not resolve the complaint within a year, the complainant may file a civil action. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001).

Once a complainant files a charge under the PHRA, she must adhere to the mandatory administrative procedure. The process is not discretionary. *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 921 (Pa. 1989). Thus, a failure to exhaust the administrative process requires dismissal of the PHRA claims. *Id.* at 922-23.

Jones acknowledges that she did not wait for the PCHR to process her charge. She contends that because the PCHR has a worksharing agreement with the EEOC, the PCHR waived "exclusive jurisdiction" for the one-year investigation period.

Both the PHRC and the PCHR have workshare agreements with the EEOC. Workshare agreements provide that the local or state agency waives its right to initially review claims first filed with the EEOC. *Woodson*, 109 F.3d at 925-26. The agreements operate to "terminate" PHRC proceedings that are initially filed with the EEOC, allowing a complainant to proceed immediately under Title VII without first filing with the PHRC. *Id.* (citing *Trevino–Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 879 (3d Cir.1990)); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107 (1988) ("a state agency's waiver of the 60-day deferral period, pursuant to a worksharing agreement with the EEOC, constitutes a 'termination' of its proceedings so as to permit the EEOC to deem a charge

---

prerequisites for PHRA); *cf. Woodson v. Scott Paper Co.*, 109 F.3d 913, 927 n.15 (3d Cir. 1997) (implying approval of *Kedra*).

4

filed and to begin to process it immediately.")).

Although dual-filing satisfies the filing requirement under the PHRA, it does not excuse the complainant from pursuing the PHRA's administrative process. *See DeAngelo v. DentalEZ, Inc.*, 738 F. Supp. 2d 572, 587-88 (E.D. Pa. 2010), (holding failure to exhaust administrative remedies when plaintiff's actions of dual-filing, subsequently requesting right to sue letter from EEOC, and filing in federal court prior to one-year mark foreclosed chances of allowing state agency to resolve action through PHRA's administrative process); *see also Flowers v. Univ. of Pa. Health Sys.*, No. 08-3948, 2009 WL 1688461 (E.D. Pa. 2009) (same); *Lyons v. Springhouse Corp.*, No. 92-6133, 1993 WL 69515 (E.D. Pa. 1993) (same).

Jones dually filed her EEOC and PCHR charge on May 17, 2018. She commenced this action on October 3, 2018. The PCHR had until May 17, 2019 to resolve her charge. Therefore, she has not exhausted her remedies under the PHRA.

Jones relies on *Simon v. IPS-Integrated Project Services, LLC*, No. 17-03474, 2018 WL 3585137 (E.D. Pa. 2018), to support her argument that she was not required to wait for the PCHR to complete its administrative process. *Simon* is distinguishable from this case and those that have held that a plaintiff asserting PHRA claims must exhaust the PHRC administrative process notwithstanding workshare agreements. In *Simon*, the court found that even though Simon initiated the action prior to the one-year mark, the plaintiff had exhausted administrative remedies by dual-filing with the EEOC and the PHRC. Significantly, Simon had *not* requested a right to sue letter and the EEOC had concluded its own investigation. *Id.* at *4. Simon also subsequently filed an amended complaint after the one-year mark, mooting the issue. *Id.*

Jones, unlike Simon, requested a right to sue letter. She also cannot amend her complaint to allege exhaustion of her PHRA administrative remedies because the one-year period has not yet expired.

**Conclusion**

Because Jones has not exhausted her administrative remedies under the PHRA, we shall grant the defendant's motion to dismiss the PHRA claims.